**Exhibit E**
**Affidavit of Sheriff Jay Jones**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

DAVID LEE SMITH,                 )
                                 )
    Plaintiff,               )
                                 )
v.                               )    Civil Action No.  3:06-cv-00592-WKW-CSC
                                 )
JOHN MCFARLAND, et al.,          )
                                 )
    Defendants.              )

## <u>AFFIDAVIT OF JAY JONES</u>

STATE OF ALABAMA        )
                        )
COUNTY OF LEE           )

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Jay Jones, who being known to me and being by me first duly sworn on oath deposes and says as follows:

    1.    My name is Jay Jones.  I am over the age of nineteen and competent to execute this affidavit.

    2.    I am the duly elected Sheriff of Lee County, Alabama, and have served in such capacity since 1999.

    3.    I am familiar with the Plaintiff David Lee Smith due to his incarceration in the Lee County Detention Facility.  I have no personal knowledge of any of the specific allegations that form the basis of Plaintiff's Complaint.

4.    I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.    I have delegated the responsibility for the day-to-day functions of the Lee County Detention Facility to Major Cary Torbert, Jr., the Chief Deputy of Corrections of the Lee County Detention Facility. As Sheriff of Lee County, I am responsible for promulgating the policies governing the Lee County Detention Facility.

6.    It is the policy of the Lee County Sheriff's Office that members of the Detention Center staff receive and answer any written grievances or requests made by inmates to the Sheriff, Chief Deputy Sheriff, or Detention Center personnel. All properly submitted nonmedical request forms are answered, and a copy is placed in the inmate's inmate file. All medical request forms are forwarded to the medical staff to be answered, and a copy of the answered request form is filed in that inmate's medical file. The Plaintiff was aware of the request procedure as evidenced by the request forms he has filed that were answered and are present in his inmate file.

7.    Requests for medical attention, telephone calls, or other matters must be made in writing on an Inmate Request Form. An exception exists for requests of an emergency nature which will be handled immediately without a written request. Inmates housed in the Lee County Detention Center will be furnished with Inmate Request Forms for the purpose of stating their requests or grievances in writing. Detention Center personnel are charged with the responsibility of receiving and forwarding these forms to the proper authority at any time they are offered a completed form by an inmate. The officer receiving the request form is to answer the request if possible. If that officer is unable to answer the request, he is to forward it to the appropriate

2

individual and/or up the chain of command until the request is answered. If the request form is directed to a particular officer, the officer receiving the request will forward the request to the officer to whom the request is directed. If the officer to whom the request is directed is not on duty that day, the request will be addressed on that officer's next scheduled working day.

8.    I have never received any request form from the Plaintiff concerning any of the allegations made the basis of his Complaint.

9.    It is the policy of the Lee County Sheriff's Office that all inmates confined in the Lee County Detention Center are entitled to a level of health care comparable to that available to citizens in the surrounding community which will ensure their physical and emotion well-being.

10.    Medical care rendered to inmates in the Lee County Detention Center is delivered under the direction of a licensed health care provider.

11.    No health care personnel or Detention Center officer or other employee of the Sheriff's Office will ever summarily or arbitrarily deny an inmate's reasonable request for medical services.

12.    Medical, dental, and mental health matters involving clinical judgments are the sole province of the responsible physician, dentist, or psychiatrist or qualified psychologist, respectively.

13.    Inmates will be guaranteed access to all diagnostic, laboratory, or other treatment services as directed by the responsible health care authority.

14.    It is the policy of the Lee County Sheriff's Office to allow inmates incarcerated in the Lee County Detention Center to request health care services at any time.

3

15.    Two methods may be utilized by inmates incarcerated in the Lee County Detention Center in order to secure health care services:

    a.    <u>Verbal Request</u>:  An inmate may make a verbal request for emergency medical attention to any member of the Detention Center staff at any time.

    b.    <u>Written Request</u>:  An inmate in need of any type of medical attention may complete an Inmate Request form seeking medical attention and forward it to any member of the Detention Center staff.

16.    Requests for medical treatment will be accepted by members of the Detention Center staff at any time.

17.    When a request for medical treatment is made to a member of the Detention Center staff, the staff member receiving the request will notify the Shift Supervisor of the inmate's request. It is the Shift Supervisor's responsibility to ensure that the inmate's request is attended to in a prompt and proper manner.  Any doubt as to whether an actual need exists for medical treatment shall be resolved in favor of the inmate and medical treatment will be offered.

18.    Medical requests of an emergency nature are to be handled immediately.

19.    As part of the booking process, inmates are informed of the methods by which they may maintain medical treatment during the booking process.

20.    The Detention Center nurses, under the direction of the Detention Center Administrator, are charged with the responsibility of obtaining appointments for inmates with physicians in order that they may receive medical treatment or for scheduling times when the treating physician may attend to health care needs at the Detention Center.

21.    All health care rendered to inmates will, at the doctor's discretion, be given privately to the inmate, outside the presence of a Detention Center official.  Should the physician request, a Detention Center officer will be present for any and all examinations the treating

4

physician deems appropriate.

22.     Sick call is conducted on a scheduled basis by a licensed practical nurse and is available to all inmates.  All inmates are required to pay a fee for non-emergency treatment. Inmates will not be denied medical treatment.  When an inmate has insufficient funds in his/her trust account to pay for the assessed fee(s), a lien in the amount of the fee(s) will be placed on the inmate's trust account against future monies which may be received.

23.     Per the policy of the Lee County Sheriff's Office, I always defer to the instructions of the trained medical professionals cn all medical issues.

24.     Internal grievance procedures at the Lee County Detention Facility are available to all inmates.  It is the policy of the Lee County Sheriff's Office that inmates are permitted to submit grievances and that each grievance will be acted upon.

25.     All inmates are provided access to a Lee County Detention Center Inmate Handbook.  A copy of this handbook is placed in each cellblock for inmates to review whenever they wish.  The inmate handbook states that an inmate may report a grievance on an inmate request form.  Grievances are first answered by the appropriate staff at the lowest level in the chain of command.  The inmate handbook also states that if the inmate is not satisfied with the first answer to his grievance, the inmate may appeal all the way up the chain of command, up to the Sheriff, who will make the final decision.

26.     I have never received a grievance from the Plaintiff concerning any of the allegations made the basis of his Complaint.  Per Lee County Sheriff's Office policy, an inmate has the opportunity to appeal any grievance to me if he were not satisfied with the response at the lower levels in the chain of command.  The Plaintiff has not appealed any grievance to me.

Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lee County Detention Center.

27.    The Plaintiff was aware of the method for submitting grievances. All properly submitted grievances are answered, and a copy is placed in the inmate's inmate file.

28.    It is the policy of the Lee County Sheriff's Office that inmates incarcerated in the Lee County Detention Center are provided with a nutritionally adequate diet.

29.    Inmates are served three meals each day at regularly scheduled times. At least two of these meals are hot and there is no more than 14 hours between the evening meal and breakfast.

30.    All meals are served at the appropriate temperature as soon as possible after they are prepared.

31.    Consideration is given to texture, color, flavor and appearance in food preparation.

32.    The Lee County Detention Facility menus are reviewed regularly by a registered dietician to ensure that inmates are provided with a nutritionally adequate diet.

33.    Lieutenant Ray Roberson, the Assistant Jail Administrator, is in charge of overseeing the Lee County Detention Facility meal program.

34.    The Plaintiff was not given any food different from that given other inmates.

35.    It is the policy of the Lee County Sheriff's Office to maintain a healthy environment within the Lee County Detention Center for the benefit of both inmates and the Detention Center staff.

36.    Inmates have access to Clorox and water every day so that they may clean their living areas. Further, the inmates are provided with germicide which is designed especially to

combat mildew. The Lee County Detention Facility uses a steam sanitizer on a regular basis to clean the shower areas of the Facility.

37.    It is the policy of the Lee County Sheriff's Department to allow persons incarcerated in the Lee County Detention Center the opportunity to worship in the recognized religion of their choice and receive religious counseling.

38.    Administrative segregation inmates are those who present a threat to themselves, others, property, security, or the order of the facility. These inmates may require additional security supervision during movement and programs.

39.    Segregated inmates, with the exception of those in disciplinary segregation, will have the same access to programs and services as general population inmates, unless privileges must be curtailed to protect the inmate or others, or to maintain facility security.

40.    No person placed in administrative segregation will be denied the right to practice his religion, to medical treatment, food, or other basic necessities.

41.    I have complied with all policies and procedures of the Lee County Detention Facility. I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

42.    I swear to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.

JAY JONES

**SWORN TO** and **SUBSCRIBED** before me this 27 day of September, 2006.

NOTARY PUBLIC    MY COMMISSION EXPIRES FEB. 10, 2007
My Commission Expires:_____

**Exhibit F**
**Affidavit of Major Cary Torbert, Jr.**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

DAVID LEE SMITH,                    )
                                    )
    Plaintiff,              )
                                    )
v.                                  )   Civil Action No.  3:06-cv-00592-WKW-CSC
                                    )
JOHN MCFARLAND, et al.,             )
                                    )
    Defendants.             )

## AFFIDAVIT OF CARY TORBERT, JR.

STATE OF ALABAMA            )
                            )
COUNTY OF LEE               )

    **BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Cary Torbert, Jr., who being known to me and being by me first duly sworn on oath deposes and says as follows:

    1.    My name is Cary Torbert, Jr.  I am over the age of nineteen and competent to execute this affidavit.

    2.    I serve as Chief Deputy of Corrections of the Lee County Detention Facility and have obtained the rank of Major.  I have worked with the Lee County Sheriff's Office for over 34 years.

    3.    I am familiar with the Plaintiff David Lee Smith due to his incarceration in the Lee County Detention Facility.

    4.    I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

    5.    It is the policy of the Lee County Sheriff's Office that members of the Detention Center staff receive and answer any written grievances or requests made by inmates to the Sheriff,

Chief Deputy Sheriff, or Detention Center personnel. All properly submitted nonmedical request forms are answered, and a copy is placed in the inmate's inmate file. All medical request forms are forwarded to the medical staff to be answered, and a copy of the answered request form is filed in that inmate's medical file. The Plaintiff was aware of the request procedure as evidenced by the request forms he has filed that were answered and are present in his inmate file.

6.    Requests for medical attention, telephone calls, or other matters must be made in writing on an Inmate Request Form. An exception exists for requests of an emergency nature which will be handled immediately without a written request. Inmates housed in the Lee County Detention Center will be furnished with Inmate Request Forms for the purpose of stating their requests or grievances in writing. Detention Center personnel are charged with the responsibility of receiving and forwarding these forms to the proper authority at any time they are offered a completed form by an inmate. The officer receiving the request form is to answer the request if possible. If that officer is unable to answer the request, he is to forward it to the appropriate individual and/or up the chain of command until the request is answered. If the request form is directed to a particular officer, the officer receiving the request will forward the request to the officer to whom the request is directed. If the officer to whom the request is directed is not on duty that day, the request will be addressed on that officer's next scheduled working day.

7.    I have never received any request form from the Plaintiff concerning any of the allegations made the basis of his Complaint.

8.    It is the policy of the Lee County Sheriff's Office that all inmates confined in the Lee County Detention Center are entitled to a level of health care comparable to that

available to citizens in the surrounding community which will ensure their physical and emotion well-being.

9.    Medical care rendered to inmates in the Lee County Detention Center is delivered under the direction of a licensed health care provider.

10.    No health care personnel or Detention Center officer or other employee of the Sheriff's Office will ever summarily or arbitrarily deny an inmate's reasonable request for medical services.

11.    Medical, dental, and mental health matters involving clinical judgments are the sole province of the responsible physician, dentist, or psychiatrist or qualified psychologist, respectively.

12.    Inmates will be guaranteed access to all diagnostic, laboratory, or other treatment services as directed by the responsible health care authority.

13.    It is the policy of the Lee County Sheriff's Office to allow inmates incarcerated in the Lee County Detention Center to request health care services at any time.

14.    Two methods may be utilized by inmates incarcerated in the Lee County Detention Center in order to secure health care services:

   a.    Verbal Request: An inmate may make a verbal request for emergency medical attention to any member of the Detention Center staff at any time.

   b.    Written Request: An inmate in need of any type of medical attention may complete an Inmate Request form seeking medical attention and forward it to any member of the Detention Center staff.

15.    Requests for medical treatment will be accepted by members of the Detention Center staff at any time.

16.    When a request for medical treatment is made to a member of the Detention Center staff, the staff member receiving the request will notify the Shift Supervisor of the inmate's request.

3

It is the Shift Supervisor's responsibility to ensure that the inmate's request is attended to in a prompt and proper manner. Any doubt as to whether an actual need exists for medical treatment shall be resolved in favor of the inmate and medical treatment will be offered.

17.    Medical requests of an emergency nature are to be handled immediately.

18.    As part of the booking process, inmates are informed of the methods by which they may maintain medical treatment during the booking process.

19.    The Detention Center nurses, under the direction of the Detention Center Administrator, are charged with the responsibility of obtaining appointments for inmates with physicians in order that they may receive medical treatment or for scheduling times when the treating physician may attend to health care needs at the Detention Center.

20.    All health care rendered to inmates will, at the doctor's discretion, be given privately to the inmate, outside the presence of a Detention Center official. Should the physician request, a Detention Center officer will be present for any and all examinations the treating physician deems appropriate.

21.    Sick call is conducted on a scheduled basis by a licensed practical nurse and is available to all inmates. All inmates are required to pay a fee for non-emergency treatment. Inmates will not be denied medical treatment. When an inmate has insufficient funds in his/her trust account to pay for the assessed fee(s), a lien in the amount of the fee(s) will be placed on the inmate's trust account against future monies which may be received.

22.    Per the policy of the Lee County Sheriff's Office, I always defer to the instructions of the trained medical professionals on all medical issues.

23. Internal grievance procedures at the Lee County Detention Facility are available to all inmates. It is the policy of the Lee County Sheriff's Office that inmates are permitted to submit grievances and that each grievance will be acted upon.

24. All inmates are provided access to a Lee County Detention Center Inmate Handbook. A copy of this handbook is placed in each cellblock for inmates to review whenever they wish. The inmate handbook states that an inmate may report a grievance on an inmate request form. Grievances are first answered by the appropriate staff at the lowest level in the chain of command. The inmate handbook also states that if the inmate is not satisfied with the first answer to his grievance, the inmate may appeal all the way up the chain of command, up to the Sheriff, who will make the final decision.

25. I have never received a grievance from the Plaintiff concerning any of the allegations made the basis of his Complaint. Per Lee County Sheriff's Office policy, an inmate has the opportunity to appeal any grievance to me if he were not satisfied with the response at the lower levels in the chain of command. The Plaintiff has not appealed any grievance to me. Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lee County Detention Center.

26. The Plaintiff was aware of the method for submitting grievances. All properly submitted nonmedical grievances are answered, and a copy is placed in the inmate's inmate file. All properly submitted medical grievances are answered, and a copy is placed in the inmate's medical file. Upon my review of the Plaintiff's inmate file, there are no grievances concerning the allegations made the basis of his Complaint.

27. It is the policy of the Lee County Sheriff's Office that inmates incarcerated in the Lee County Detention Center are provided with a nutritionally adequate diet.

28.    Inmates are served three meals each day at regularly scheduled times. At least two of these meals are hot and there is no more than 14 hours between the evening meal and breakfast.

29.    All meals are served at the appropriate temperature as soon as possible after they are prepared.

30.    Consideration is given to texture, color, flavor and appearance in food preparation.

31.    The Lee County Detention Facility menus are reviewed regularly by a registered dietician to ensure that inmates are provided with a nutritionally adequate diet.

32.    Lieutenant Ray Roberson, the Assistant Jail Administrator, is in charge of overseeing the Lee County Detention Facility meal program.

33.    The Plaintiff was not given any food different from that given other inmates.

34.    It is the policy of the Lee County Sheriff's Office to maintain a healthy environment within the Lee County Detention Center for the benefit of both inmates and the Detention Center staff.

35.    Inmates have access to Clorox and water every day so that they may clean their living areas. Further, the inmates are provided with germicide which is designed especially to combat mildew. The Lee County Detention Facility uses a steam sanitizer on a regular basis to clean the shower areas of the Facility.

36.    It is the policy of the Lee County Sheriff's Department to allow persons incarcerated in the Lee County Detention Center the opportunity to worship in the recognized religion of their choice and receive religious counseling.

37.    Administrative segregation inmates are those who present a threat to themselves, others, property, security, or the order of the facility. These inmates may require additional security supervision during movement and programs.

38.    Segregated inmates, with the exception of those in disciplinary segregation, will have the same access to programs and services as general population inmates, unless privileges must be curtailed to protect the inmate or others, or to maintain facility security.

39.    No person placed in administrative segregation will be denied the right to practice his religion, to medical treatment, food, or other basic necessities.

40.    Upon the Plaintiff's admission to the Lee County Detention Center, it was determined that the Plaintiff was a safety and security risk. Further, we ask all inmates who are HIV positive to sign a form stating that they will abstain from sexual activity while in the Lee County Detention Center. The Plaintiff refused to sign this form. Because of these two reasons, the Plaintiff was placed in administrative – not disciplinary – segregation. He was still entitled to the privileges as outlined in the policies and procedures above. For example, he had use of the phone, mail, visitation, and library. He was also allowed one hour outside every day. He was also allowed to schedule visits with the religious counselor or minister of his choice at any time.

41.    I have complied with all policies and procedures of the Lee County Detention Facility. I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

42.    All Lee County Detention Center records attached to the Special Report are true and accurate copies of jail documents kept by me in the ordinary course of my business. I am the custodian of these records.

43.    I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.


CARY TORBERT, JR.

**SWORN TO** and **SUBSCRIBED** before me this ___ day of September, 2006.


NOTARY PUBLIC          MY COMMISSION EXPIRES FEB. 10, 2007
My Commission Expires: _____

**Exhibit G**
**Affidavit of Lieutenant Ray Roberson**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| DAVID LEE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  3:06-cv-00592-WKW-CSC |
| | ) | |
| JOHN MCFARLAND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF RAY ROBERSON

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF LEE | ) |

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Ray Roberson, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.      My name is Ray Roberson.  I am over the age of nineteen and competent to execute this affidavit.

2.      I am employed with the Lee County Sheriff's Department and serve as Assistant Jail Administrator at the Lee County Detention Facility.  I have worked in the Lee County Detention Facility for twenty-three years and have obtained the rank of Lieutenant.  One of my duties is to oversee the Lee County Detention Facility meal program.

3.      I am familiar with the Plaintiff David Lee Smith due to his incarceration in the Lee County Detention Facility.

4.      I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.      It is the policy of the Lee County Sheriff's Office that members of the Detention Center staff receive and answer any written grievances or requests made by inmates to the Sheriff,

Chief Deputy Sheriff, or Detention Center personnel. All properly submitted nonmedical request forms are answered, and a copy is placed in the inmate's inmate file. All medical request forms are forwarded to the medical staff to be answered, and a copy of the answered request form is filed in that inmate's medical file. The Plaintiff was aware of the request procedure as evidenced by the request forms he has filed that were answered and are present in his inmate file.

6.      Requests for medical attention, telephone calls, or other matters must be made in writing on an Inmate Request Form. An exception exists for requests of an emergency nature which will be handled immediately without a written request. Inmates housed in the Lee County Detention Center will be furnished with Inmate Request Forms for the purpose of stating their requests or grievances in writing. Detention Center personnel are charged with the responsibility of receiving and forwarding these forms to the proper authority at any time they are offered a completed form by an inmate. The officer receiving the request form is to answer the request if possible. If that officer is unable to answer the request, he is to forward it to the appropriate individual and/or up the chain of command until the request is answered. If the request form is directed to a particular officer, the officer receiving the request will forward the request to the officer to whom the request is directed. If the officer to whom the request is directed is not on duty that day, the request will be addressed on that officer's next scheduled working day.

7.      I have never received any request form from the Plaintiff concerning any of the allegations made the basis of his Complaint.

8.      It is the policy of the Lee County Sheriff's Office that all inmates confined in the Lee County Detention Center are entitled to a level of health care comparable to that available to citizens in the surrounding community which will ensure their physical and emotion well-being.

2

9. Medical care rendered to inmates in the Lee County Detention Center is delivered under the direction of a licensed health care provider.

10. No health care personnel or Detention Center officer or other employee of the Sheriff's Office will ever summarily or arbitrarily deny an inmate's reasonable request for medical services.

11. Medical, dental, and mental health matters involving clinical judgments are the sole province of the responsible physician, dentist, or psychiatrist or qualified psychologist, respectively.

12. Inmates will be guaranteed access to all diagnostic, laboratory, or other treatment services as directed by the responsible health care authority.

13. It is the policy of the Lee County Sheriff's Office to allow inmates incarcerated in the Lee County Detention Center to request health care services at any time.

14. Two methods may be utilized by inmates incarcerated in the Lee County Detention Center in order to secure health care services:

    a. <u>Verbal Request</u>: An inmate may make a verbal request for emergency medical attention to any member of the Detention Center staff at any time.

    b. <u>Written Request</u>: An inmate in need of any type of medical attention may complete an Inmate Request form seeking medical attention and forward it to any member of the Detention Center staff.

15. Requests for medical treatment will be accepted by members of the Detention Center staff at any time.

16. When a request for medical treatment is made to a member of the Detention Center staff, the staff member receiving the request will notify the Shift Supervisor of the inmate's request. It is the Shift Supervisor's responsibility to ensure that the inmate's request is attended to in a prompt and proper manner. Any doubt as to whether an actual need exists for medical treatment shall be resolved in favor of the inmate and medical treatment will be offered.

17.    Medical requests of an emergency nature are to be handled immediately.

18.    As part of the booking process, inmates are informed of the methods by which they may maintain medical treatment during the booking process.

19.    The Detention Center nurses, under the direction of the Detention Center Administrator, are charged with the responsibility of obtaining appointments for inmates with physicians in order that they may receive medical treatment or for scheduling times when the treating physician may attend to health care needs at the Detention Center.

20.    All health care rendered to inmates will, at the doctor's discretion, be given privately to the inmate, outside the presence of a Detention Center official. Should the physician request, a Detention Center officer will be present for any and all examinations the treating physician deems appropriate.

21.    Sick call is conducted on a scheduled basis by a licensed practical nurse and is available to all inmates. All inmates are required to pay a fee for non-emergency treatment. Inmates will not be denied medical treatment. When an inmate has insufficient funds in his/her trust account to pay for the assessed fee(s), a lien in the amount of the fee(s) will be placed on the inmate's trust account against future monies which may be received.

22.    Per the policy of the Lee County Sheriff's Office, I always defer to the instructions of the trained medical professionals on all medical issues.

23.    Internal grievance procedures at the Lee County Detention Facility are available to all inmates. It is the policy of the Lee County Sheriff's Office that inmates are permitted to submit grievances and that each grievance will be acted upon.

24.    All inmates are provided access to a Lee County Detention Center Inmate Handbook. A copy of this handbook is placed in each cellblock for inmates to review whenever they wish. The inmate handbook states that an inmate may report a grievance on an

4

inmate request form. Grievances are first answered by the appropriate staff at the lowest level in the chain of command. The inmate handbook also states that if the inmate is not satisfied with the first answer to his grievance, the inmate may appeal all the way up the chain of command, up to the Sheriff, who will make the final decision.

25.     I have never received a grievance from the Plaintiff concerning any of the allegations made the basis of his Complaint. Per Lee County Sheriff's Office policy, an inmate has the opportunity to appeal any grievance to me if he were not satisfied with the response at the lower levels in the chain of command. The Plaintiff has not appealed any grievance to me. Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lee County Detention Center.

26.     The Plaintiff was aware of the method for submitting grievances.     Properly submitted nonmedical grievances are answered, and a copy is placed in the inmate's inmate file. All properly submitted medical grievances are answered, and a copy is placed in the inmate's medical file.

27.     It is the policy of the Lee County Sheriff's Office that inmates incarcerated in the Lee County Detention Center are provided with a nutritionally adequate diet.

28.     Inmates are served three meals each day at regularly scheduled times. At least two of these meals are hot and there is no more than 14 hours between the evening meal and breakfast.

29.     All meals are served at the appropriate temperature as soon as possible after they are prepared.

30.     Consideration is given to texture, color, flavor and appearance in food preparation.

31.     The Lee County Detention Facility menus are reviewed regularly by a registered dietician to ensure that inmates are provided with a nutritionally adequate diet.

5

32.    Lieutenant Ray Roberson, the Assistant Jail Administrator, is in charge of overseeing the Lee County Detention Facility meal program.

33.    The Plaintiff was not given any food different from that given other inmates.

34.    It is the policy of the Lee County Sheriff's Office to maintain a healthy environment within the Lee County Detention Center for the benefit of both inmates and the Detention Center staff.

35.    Inmates have access to Clorox and water every day so that they may clean their living areas.  Further, the inmates are provided with germicide which is designed especially to combat mildew.  The Lee County Detention Facility uses a steam sanitizer on a regular basis to clean the shower areas of the Facility.

36.    It is the policy of the Lee County Sheriff's Department to allow persons incarcerated in the Lee County Detention Center the opportunity to worship in the recognized religion of their choice and receive religious counseling.

37.    Administrative segregation inmates are those who present a threat to themselves, others, property, security, or the order of the facility.  These inmates may require additional security supervision during movement and programs.

38.    Segregated inmates, with the exception of those in disciplinary segregation, will have the same access to programs and services as general population inmates, unless privileges must be curtailed to protect the inmate or others, or to maintain facility security.

39.    No person placed in administrative segregation will be denied the right to practice his religion, to medical treatment, food, or other basic necessities.

40.    I have complied with all policies and procedures of the Lee County Detention Facility.  I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

41.     I swear to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.


_Ray Roberson_ (signature)
RAY ROBERSON

**SWORN TO** and **SUBSCRIBED** before me this 27 day of September, 2006.


_Chris Bridges_ (signature)
NOTARY PUBLIC          MY COMMISSION EXPIRES FEB. 10, 2007
My Commission Expires:_____