# Exhibit H
# Affidavit of Lieutenant Corey Welch

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **DAVID LEE SMITH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Civil Action No. 3:06-cv-00592-WKW-CSC** |
| | ) |
| **JOHN MCFARLAND, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### AFFIDAVIT OF COREY WELCH

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **COUNTY OF LEE** | ) |

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Corey Welch, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.    My name is Corey Welch.  I am over the age of nineteen and competent to execute this affidavit.

2.    I am employed by the Lee County Sheriff's Office and assigned to serve as a Corrections Officer at the Lee County Detention Center.  I have worked as a correctional officer for over ten years, having obtained the rank of Lieutenant in November 2004.  I am both a graduate of the Police Academy and the Alabama Jail Management School.

3.    I am familiar with the Plaintiff David Lee Smith due to his incarceration in the Lee County Detention Facility.

4.    I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.    It is the policy of the Lee County Sheriff's Office that members of the Detention Center staff receive and answer any written grievances or requests made by inmates to the Sheriff, Chief Deputy Sheriff, or Detention Center personnel. All properly submitted nonmedical request forms are answered, and a copy is placed in the inmate's inmate file. All medical request forms are forwarded to the medical staff to be answered, and a copy of the answered request form is filed in that inmate's medical file. The Plaintiff was aware of the request procedure as evidenced by the request forms he has filed that were answered and are present in his inmate file.

6.    Requests for medical attention, telephone calls, or other matters must be made in writing on an Inmate Request Form. An exception exists for requests of an emergency nature which will be handled immediately without a written request. Inmates housed in the Lee County Detention Center will be furnished with Inmate Request Forms for the purpose of stating their requests or grievances in writing. Detention Center personnel are charged with the responsibility of receiving and forwarding these forms to the proper authority at any time they are offered a completed form by an inmate. The officer receiving the request form is to answer the request if possible. If that officer is unable to answer the request, he is to forward it to the appropriate individual and/or up the chain of command until the request is answered. If the request form is directed to a particular officer, the officer receiving the request will forward the request to the officer to whom the request is directed. If the officer to whom the request is directed is not on duty that day, the request will be addressed on that officer's next scheduled working day.

7.    I have never received any request form from the Plaintiff concerning any of the allegations made the basis of his Complaint.

8.    It is the policy of the Lee County Sheriff's Office that all inmates confined in the Lee County Detention Center are entitled to a level of health care comparable to that

2

available to citizens in the surrounding community which will ensure their physical and emotion well-being.

9.     Medical care rendered to inmates in the Lee County Detention Center is delivered under the direction of a licensed health care provider.

10.     No health care personnel or Detention Center officer or other employee of the Sheriff's Office will ever summarily or arbitrarily deny an inmate's reasonable request for medical services.

11.     Medical, dental, and mental health matters involving clinical judgments are the sole province of the responsible physician, dentist, or psychiatrist or qualified psychologist, respectively.

12.     Inmates will be guaranteed access to all diagnostic, laboratory, or other treatment services as directed by the responsible health care authority.

13.     It is the policy of the Lee County Sheriff's Office to allow inmates incarcerated in the Lee County Detention Center to request health care services at any time.

14.     Two methods may be utilized by inmates incarcerated in the Lee County Detention Center in order to secure health care services:

a.     Verbal Request:  An inmate may make a verbal request for emergency medical attention to any member of the Detention Center staff at any time.

b.     Written Request:  An inmate in need of any type of medical attention may complete an Inmate Request form seeking medical attention and forward it to any member of the Detention Center staff.

15.     Requests for medical treatment will be accepted by members of the Detention Center staff at any time.

16.     When a request for medical treatment is made to a member of the Detention Center staff, the staff member receiving the request will notify the Shift Supervisor of the inmate's request.

3

It is the Shift Supervisor's responsibility to ensure that the inmate's request is attended to in a prompt and proper manner. Any doubt as to whether an actual need exists for medical treatment shall be resolved in favor of the inmate and medical treatment will be offered.

17.     Medical requests of an emergency nature are to be handled immediately.

18.     As part of the booking process, inmates are informed of the methods by which they may maintain medical treatment during the booking process.

19.     The Detention Center nurses, under the direction of the Detention Center Administrator, are charged with the responsibility of obtaining appointments for inmates with physicians in order that they may receive medical treatment or for scheduling times when the treating physician may attend to health care needs at the Detention Center.

20.     All health care rendered to inmates will, at the doctor's discretion, be given privately to the inmate, outside the presence of a Detention Center official. Should the physician request, a Detention Center officer will be present for any and all examinations the treating physician deems appropriate.

21.     Sick call is conducted on a scheduled basis by a licensed practical nurse and is available to all inmates. All inmates are required to pay a fee for non-emergency treatment. Inmates will not be denied medical treatment. When an inmate has insufficient funds in his/her trust account to pay for the assessed fee(s), a lien in the amount of the fee(s) will be placed on the inmate's trust account against future monies which may be received.

22.     Per the policy of the Lee County Sheriff's Office, I always defer to the instructions of the trained medical professionals on all medical issues.

23.     Internal grievance procedures at the Lee County Detention Facility are available to all inmates. It is the policy of the Lee County Sheriff's Office that inmates are permitted to submit grievances and that each grievance will be acted upon.

4

24.    All inmates are provided access to a Lee County Detention Center Inmate Handbook.    A copy of this handbook is placed in each cellblock for inmates to review whenever they wish.  The inmate handbook states that an inmate may report a grievance on an inmate request form.  Grievances are first answered by the appropriate staff at the lowest level in the chain of command.  The inmate handbook also states that if the inmate is not satisfied with the first answer to his grievance, the inmate may appeal all the way up the chain of command, up to the Sheriff, who will make the final decision.

25.    I have never received a grievance from the Plaintiff concerning any of the allegations made the basis of his Complaint.

26.    The Plaintiff was aware of the method for submitting grievances.  All properly submitted nonmedical grievances are answered, and a copy is placed in the inmate's inmate file. All properly submitted medical grievances are answered, and a copy is placed in the inmate's medical file.

27.    It is the policy of the Lee County Sheriff's Office that inmates incarcerated in the Lee County Detention Center are provided with a nutritionally adequate diet.

28.    Inmates are served three meals each day at regularly scheduled times.  At least two of these meals are hot and there is no more than 14 hours between the evening meal and breakfast.

29.    All meals are served at the appropriate temperature as soon as possible after they are prepared.

30.    Consideration is given to texture, color, flavor and appearance in food preparation.

31.    The Lee County Detention Facility menus are reviewed regularly by a registered dietician to ensure that inmates are provided with a nutritionally adequate diet.

32.     Lieutenant Ray Roberson, the Assistant Jail Administrator, is in charge of overseeing the Lee County Detention Facility meal program.

. 33.     The Plaintiff was not given any food different from that given other inmates.

34.     It is the policy of the Lee County Sheriff's Office to maintain a healthy environment within the Lee County Detention Center for the benefit of both inmates and the Detention Center staff.

35.     Inmates have access to Clorox and water every day so that they may clean their living areas.  Further, the inmates are provided with germicide which is designed especially to combat mildew.  The Lee County Detention Facility uses a steam sanitizer on a regular basis to clean the shower areas of the Facility.

36.     It is the policy of the Lee County Sheriff's Department to allow persons incarcerated in the Lee County Detention Center the opportunity to worship in the recognized religion of their choice and receive religious counseling.

37.     Administrative segregation inmates are those who present a threat to themselves, others, property, security, or the order of the facility.  These inmates may require additional security supervision during movement and programs.

38.     Segregated inmates, with the exception of those in disciplinary segregation, will have the same access to programs and services as general population inmates, unless privileges must be curtailed to protect the inmate or others, or to maintain facility security.

39.     No person placed in administrative segregation will be denied the right to practice his religion, to medical treatment, food, or other basic necessities.

40.     I have complied with all policies and procedures of the Lee County Detention Facility.  I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

6

41.    I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.


_____
COREY WELCH

**SWORN TO** and **SUBSCRIBED** before me this 27 day of September, 2006.


_____
NOTARY PUBLIC
My Commission Expires: _____
MY COMMISSION EXPIRES FEB 10. 2007

7

**Exhibit I**
**Affidavit of John McFarland, M.D.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

DAVID LEE SMITH,                          )
                                          )
    Plaintiff,                       )
                                          )
v.                                        )     Civil Action No.  3:06-cv-00592-WKW-CSC
                                          )
JOHN MCFARLAND, et. al.,                  )
                                          )
    Defendants.                      )

## AFFIDAVIT OF JOHN MCFARLAND

STATE OF ALABAMA          )
                          )
COUNTY OF LEE             )

    **BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared John McFarland, who being known to me and being by me first duly sworn on oath deposes and says as follows:

    1.    My name is John McFarland.  I am over the age of nineteen and competent to execute this affidavit.

    2.    I am a licensed physician serving as an emergency room doctor with East Alabama Medical Center.  Also, since 1994, I have served as the treating physician for inmates at the Lee County Detention Facility.

    3.    I am familiar with the Plaintiff David Lee Smith due to his incarceration in the Lee County Detention Facility.

    4.    I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5. It is the policy of the Lee County Sheriff's Office that all inmates confined in the Lee County Detention Center are entitled to a level of health care comparable to that available to citizens in the surrounding community which will ensure their physical and emotion well-being.

6. Medical care rendered to inmates in the Lee County Detention Center is delivered under the direction of a licensed health care provider.

7. No health care personnel or Detention Center officer or other employee of the Sheriff's Office will ever summarily or arbitrarily deny an inmate's reasonable request for medical services.

8. Medical, dental, and mental health matters involving clinical judgments are the sole province of the responsible physician, dentist, or psychiatrist or qualified psychologist, respectively.

9. Inmates will be guaranteed access to all diagnostic, laboratory, or other treatment services as directed by the responsible health care authority.

10. It is the policy of the Lee County Sheriff's Office to allow inmates incarcerated in the Lee County Detention Center to request health care services at any time.

11. Two methods may be utilized by inmates incarcerated in the Lee County Detention Center in order to secure health care services:

    a. Verbal Request: An inmate may make a verbal request for emergency medical attention to any member of the Detention Center staff at any time.

    b. Written Request: An inmate in need of any type of medical attention may complete an Inmate Request form seeking medical attention and forward it to any member of the Detention Center staff.

12. Requests for medical treatment will be accepted by members of the Detention Center staff at any time.

13. Any doubt as to whether an actual need exists for medical treatment shall be

resolved in favor of the inmate and medical treatment will be offered.

14.    Medical requests of an emergency nature are to be handled immediately.

15.    The Detention Center nurses, under the direction of the Detention Center Administrator, are charged with the responsibility of obtaining appointments for inmates with physicians in order that they may receive medical treatment or for scheduling times when the treating physician may attend to health care needs at the Detention Center.

16.    All health care rendered to inmates will, at the doctor's discretion, be given privately to the inmate, outside the presence of a Detention Center official. Should the physician request, a Detention Center officer will be present for any and all examinations the treating physician deems appropriate.

17.    Sick call is conducted on a scheduled basis by a licensed practical nurse and is available to all inmates. All inmates are required to pay a fee for non-emergency treatment. Inmates will not be denied medical treatment. When an inmate has insufficient funds in his/her trust account to pay for the assessed fee(s), a lien in the amount of the fee(s) will be placed on the inmate's trust account against future monies which may be received.

18.    I have never received a grievance from the Plaintiff concerning the allegations made the basis of his Complaint.

19.    On June 2, 2004, I examined the Plaintiff. I noted that he has had HIV since 1998 but had not been on any mediation. I noted that he had some Mulluscum contagiosa of his scalp and that his fungal infection had cleared. Mulluscum contagiosa normally goes away without treatment. I spoke with him about decreasing the spread of his Molluscum. The Plaintiff said that he thought it was clearing up and getting better. I noted that I would recheck him as needed. (Exhibit 1, Medical File, Notes dated June 2, 2004.)

20.    I saw the Plaintiff again on July 14, 2004 for a risen between his buttock cheeks. I noted again that he has never been on any medications for his HIV, but just diet controlled. I prescribed Spetra DIS twice a day and extra servings of meals. (Exhibit 2, Medical File, Notes dated July 14, 2004.) I also noted that he was about to be transferred to the Department of Corrections, and approximately one week later he was so transferred.

21.    I did not determine a need for any further treatment at that time.

22.    Upon the Plaintiff's most recent incarceration , I saw the Plaintiff on May 31, 2006, and instructed the nursing staff to obtain medical records from the St. George Clinic so that I could determine the proper course of treatment. I noted that I would recheck him the next week. (Exhibit 3, Medical File, Notes dated May 31, 2006.)

23.    On June 6, 2006, I reviewed the Plaintiff's medical records and discussed the Plaintiff's situation with him. Several weeks ago, he was housed at the Jimmy Hale Mission where he had been on medications for AIDS. However, several weeks before he came to the Lee County Detention Center, he had left the Mission. Therefore, for several weeks he had been off his medications was homeless prior to coming to the Detention Center. (Exhibit 4, Medical File, Notes dated June 6, 2006.)

24.    I understood that he was having his parole revoked so that he could go back to the Limestone Correctional Facility. (Exhibit 4, Medical File, Notes dated June 6, 2006.)

25.    I determined that the Plaintiff needed to be permanently sent either back to the Mission in Birmingham or the Limestone Correctional Facility where he could be consistent with his medications. However, I was concerned that he would be released from the Lee County

Detention Center and return to his homeless situation. Therefore, I did not restart any of the medications that he had stopped taking out of concern that he would stop taking the medications again once released. (Exhibit 4, Medical File, Notes dated June 6, 2006.)

26.    I determined that it would be better to restart the medication once he was in a permanent housing situation (whether it be at the mission or at the correctional facility) in order to prevent the risk of restarting and restopping the medication an additional time. (Exhibit 4, Medical File, Notes dated June 6, 2006.)

27.    Stopping and starting AIDS medications can have a very detrimental effect because it can create viral resistance to these drugs.

28.    During this same examination, the Plaintiff complained of a rash on his back. I examined his back but did not see a rash. I noted that his heart was regular and his lungs were clear. His psychological affect was calm and even intelligent. (Exhibit 4, Medical File, Notes dated June 6, 2006.)

29.    The Plaintiff was released to Limestone Correctional Facility within a matter of weeks.

30.    I have neither duty nor authority with regard to the conditions of the Detention Center, and my only involvement with inmates is in rendering medical care.

31.    I have complied with all policies and procedures of the Lee County Detention Facility. I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

32.    I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation

_____
JOHN MCFARLAND

**SWORN TO** and **SUBSCRIBED** before me this ⁹⁷ day of September, 2006.


_____
NOTARY PUBLIC
My Commission Expires:_____

**Exhibit 1**
**Medical File**
**Notes dated June 2, 2004**

NOTES

SS# ▓▓▓▓▓▓▓▓▓▓▓▓▓

NAME *Smith, David*    DOB ▓▓▓▓ AGE 35 SEX M RACE B

DRUG ALLERGIES    Ø    TETANUS

NATURE OF PROBLEM OR REQUEST ✓ *Also on Scalp* Dx HIV
*Pos. 1998.*

I CONSENT TO BE TREATED BY HEALTH STAFF FOR THE CONDITION DESCRIBED.

SIGNATURE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

HEALTH CARE DOCUMENTATION

SUBJECTIVE:

OBJECTIVE:  BP_____ P_____ R_____ T_____

ASSESSMENT:

---

**06/02/04    Lee County Detention Center    David Smith    #419963424**

This 35 YOBM has had HIV infection since 1998 (six years). He has been followed at a clinic at Grady. In January he had a viral load that was about 10,000 and a CD4 that was just above 200.
He hasn't been on any medicines. He had some spots on his scalp.
**Physical Exam:** It looks like he has some Molluscum contagiosa of his scalp. What apparently has been a fungal infection has cleared up. He says he gets genital warts as well.
**Impression:** HIV positive; Molluscum contagiosa; history of genital warts.
**Plan:** I talked to him about decreasing the spread of his Molluscum. He thinks it is clearing up or drying up and getting better. Recheck prn.

REFER TO:    PA/PHYSICIAN_____ MENTAL HEALTH_____ DENTAL_____

SIGNATURE    TITLE MD DATE 6/2/04 TIME 1003
JOHN H McFARLAND MD
AMB 104894
AL 11404

**Exhibit 2**
**Medical File**
**Notes dated July 14, 2004**

NOTES

SS# ████████████

NAME *Smith, David*    DOB ████ AGE 35    SEX M    RACE B

DRUG ALLERGIES ___ Ø ___    TETANUS ___

NATURE OF PROBLEM OR REQUEST *✓ Risen Between Cheeks*
*HIV Pos.*

I CONSENT TO BE TREATED BY HEALTH STAFF FOR THE CONDITION DESCRIBED.

SIGNATURE ___

********************************************************************************

HEALTH CARE DOCUMENTATION

SUBJECTIVE:

**07/14/04    Lee County Detention Center    David Lee Smith    #419963424**
This 35 YOBM has a risen between his buttock cheeks for about a week. He has had HIV
disease for about six years. He has never been on any medications just diet controlled. He last

had a CD-4 count that was just over 200 and a viral load that was about 15,000 copies. He is
waiting to go to Limestone.
**Physical Exam:** Alert, comfortable gait. The perirectal area shows venereal warts. He also has a
place that looks like a draining sebaceous cyst. It is small, it is just a little bit tender to the touch.
There is no further drainage that comes out of it though. I did not do a digital rectal exam.
**Impression:** Perirectal abscess.
**Plan:** Septra DS b.i.d. #40. Extra servings. We will check on his status for transfer before
ordering other tests here so that it not be duplicated.

PLAN:

*Septra DS B.i.d. x40*
*Extra servings*

REFER TO: ___    PA/PHYSICIAN ___    MENTAL HEALTH ___    DENTAL ___

SIGNATURE ___ *(McFarland, PA)*    TITLE *MD*    DATE *7/14/04*    TIME *0909*

**Exhibit 3**
**Medical File**
**Notes dated May 31, 2006**

## NOTES

NAME: _Smith    David_    SS# ███████

DOB: ███████    AGE: 36    SEX: M    RACE: B

DRUG ALLERGIES: _Ø_    TETNUS: _____

NATURE OF PROBLEM OR REQUEST: _HIV ☐ old mps_

_Brought to jail_

I CONSENT TO BE TREATED BY HEALTH STAFF FOR THE CONDITION DESCRIBED.

SIGNATURE

## HEALTH CARE DOCUMENTATION    162#  5'7½

SUBJECTIVE:

**05/31/06    Lee County Detention Center    David Smith    #419963424**
This 38 YOBM says he has AIDS. He started with HIV diagnosis eight years ago. He is here because of "dirty urine". He was in a program in Birmingham. He turned up with cocaine with in his urine. He doesn't know how long he will be here. The nurse got a fax yesterday from Birmingham AIDS Outreach saying that they had only seen him 05/10/06 for an intake. He was not on any medications then. They referred him to St. George Clinic at Cooper Green Hospital. He said he was there last week and was on a bunch of different medicines. He has bipolar disease as well as AIDS.
**Physical Exam:** Alert, no distress. He has no significant lymphadenopathy Heart and lungs are clear. He looks healthy.
**Impression:** AIDS.
**Plan:** We will see if we can get records from his St. George Clinic and continue him on whatever medications they started him on. He has with him a number of medications dating back to 2003, some of which have been taken, some of which have not been. Recheck next when he have more information on him.

PLAN:    (205) 930-3284
_get records St George clinic call next week._

REFER TO: _____ PA/PHYSICIAN _____ MENTAL HEALTH _____ DENTAL _____

SIGNATURE _John H McFarland MD_ TITLE MD  DATE 5/31/06  TIME 0903
AMB 104894
AL 11404

**Exhibit 4**
**Medical File**
**Notes dated June 6, 2006**

## NOTES

NAME: _Smith, David_     SS# ████████████

DOB: ████████     AGE: _36_     SEX: _M_     RACE: _B_

DRUG ALLERGIES: _none_     TETNUS: _____

NATURE OF PROBLEM OR REQUEST: _re check per M.D. review_
_Medical records_

I CONSENT TO BE TREATED BY HEALTH STAFF FOR THE CONDITION DESCRIBED.

_____
SIGNATURE

---

HEALTH CARE DOCUMENTATION                    _165k_

SUBJECTIVE:

06/06     Lee County Detention Center     David Smith     #419963424

s 36 YOBM is here to review his medical records and discuss his situation. He apparently has
n off his AIDS medicines for several weeks now. He had been homeless before he came here
thout his medications from Birmingham. His Birmingham facility has his medicines but won't
nd them. He apparently is having his parole revoked so he can go back Limestone. He tells us
t he is trying to get disability for his "mental condition and AIDS". He complains of a rash on his
back

ysical Exam: SKIN: When I look at his back I don't see any rash. The skin is a little bit dry
ere he has scratched it but it is not broken. HEART: Regular. LUNGS: Clear. PSYCH: He is
m and even intelligent in his speech and explanations.

pression: Mental health and AIDS concerns.

n: We will continue to work on disposition to his Birmingham facility or Limestone. It
nds like if he we restarted him on medications here that he would then leave and be off them
homeless situation again. Rather than being on and off and on and off medications it would
etter for him to be sent to a situation where he can have stable medication use.

PLAN: _____

REFER TO: _____ PA/PHYSICIAN _____ MENTAL HEALTH _____ DENTAL _____

SIGNATURE _John H McFarland MD_ TITLE _____ DATE _6/1/06_ TIME _0949_

AMB 104894