IN THE UNITED STATES DISTRICT COURT
      FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2006 OCT 30 A 9: 44
DEBRA P. HACKETT, C
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**DAVID LEE SMITH,**

    Plaintiff,

v.                          Civil Action No. 3:06-cv-00592-WKW-CSC

**JOHN MCFARLAND, et al.,**

    Defendants.

## PLAINTIFF OBJECTION TO DEFENDANTS' SPECIAL REPORT

    COME NOW David Lee Smith, Plaintiff in the above-styled cause, and submit his Objection To The Defendants Special Report file to this Court.

    With regard to the first incarceration of which the Plaintiff complains, the Plaintiff was arrested on March 4, 2004, on charges of possession of a forged instrument in the second degree and FTP-Burglary in the Second Degree. Plaintiff was booked into the Lee County Detention Center that same day. Plaintiff was committed to the custody of the Sheriff of Lee County on June 1, 2004, to serve 18 months split in the state penitentiary for a conviction of the Forgery charge. Plaintiff was released into the custody of the Department of Corrections on July 22, 2004.

### PLAINTIFFS' OBJECTION TO DEFENDANTS SPECIAL REPORT

1

Plaintiff allegations made against the Defendants in this case is true and is based in law or fact. The Defendants in this case have denied Plaintiff of his Constitutional Rights in the following regards.

### All claims by Plaintiff should not fail based on Eleventh Amendment Immunity because they are not "persons" under 42 U.S.C. 1983.

Plaintiff's is a layman to the law and during the time of filing his 1983 complaint against the Defendants, Plaintiff didn't know the law to the extent of filing his complaint to address the "persons" clause. Plaintiff, ask the Court to deny the Defendants their Eleventh Amendment immunity.

### The Plaintiff's allegations in ground #1. is not barred by the Prison Litigation Reform Act because Plaintiff has suffered physical injury as a result of the facts stated in said ground.

Plaintiff, states that the Defendants neglected to give him proper medical care when Plaintiff was incarcerated in the Lee County Detention Center from (April through July 2004). Defendants were aware of Plaintiff HIV status yet deprived Plaintiff of medication and treatment and, as a consequence, Plaintiff went to full-blown, irretrievable AIDS. Accompanying this dramatic lowering of Plaintiff immune system. Plaintiff contracted Staphylococcal skin disease on top of his head, face, chest and all over his body. Plaintiff also got genital herpes and genital warts to the degree that Doctor Harper feared that they would become malignant. He promptly cut them himself.

Plaintiff, emphatically notified Dr. McFarland and nurse Stewart during this earlier incarceration and Plaintiff present one, of his diagnoses, showing Defendants documentation and furnishing them the names of Plaintiff Doctors, but Defendants refused both times to investigate or provide any form of appropriate treatment. Deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Estelle v. Gamble, 429 US 97, 50 L Ed 251, 97 S Ct 285 (1976)

Dr. McFarland and nurse Stewart have also declined to give Plaintiff treatment for tendonitis in Plaintiff shoulders and nurphothy in Plaintiff feets and genital herpes simplex on Plaintiff body.

### Plaintiff did exhaust all Administrative Remedies.

Under the Prison Litigation Reform Act ("PLRA"), an inmate is required to exhaust all administrative remedies before instituting an action under 42 U.S.C. 1983. 42 U.S.C. 1997e(a). The Plaintiff in this case did utilized his administrative remedies available to him. The Plaintiff did file a grievance concerning his 2004 medical care. **SEE: Affidavit of Bryant L. Sparks, Attached to this objection.**

During the time of April to July 28, 2004 . The Plaintiff was denied medical care and the Defendants has been deliberately indifferent to Plaintiff serious medical needs, therefore causing cruel and unusual punishment In the case of **Estelle v. Gamble,** 429 US 97, 50 L Ed 2d 251, 97 S Ct 285, the Court stated in their opinion , that deliberate indifference to a prisoner's serious medical needs constituted cruel and unusual punishment under the Eighth Amendment and gave rise to a civil rights cause of action under 42 USCS 1983, regardless of whether the indifference was manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed.

### CONCLUSION

Defendants has denied Plaintiff David Lee Smith in the Complaint. Defendants have acted in a manner so as to deprive Plaintiff of his right to which he is entitled.

## MOTION FOR SUMMARY JUDGMENT

Plaintiff respectfully request that this Honorable Court deny the Defendants Motion for Summary Judgment, and grant unto Plaintiff the relief that Plaintiff has sought in his complaint. State officials may be held personally liable for damages under 42 USCS 1983 which provides that any "person" acting under color of state law in violating another's federal rights is liable to the injured party based upon actions taken in their official capacities, because (1) with respect to the United States Supreme Court's holding in <u>Will v. Michigan Dept. of State Police</u> (1989) 491 US 58, 105 L Ed 2d 45, 109 S. Ct 2304.

Respectfully Submitted,

*[signature]*

David Lee Smith #164818 –Plaintiff (Pro se)

## CERTIFICATE OF SERVICE

I hereby certify that on this the __26__ day of October, 2006, that I served a copy of the foregoing on the Defendants Attorney addressed below and placed said copy in the United States Mail, postage prepaid and addressed correctly.

ATTORNEY: FOR THE DEFENDANTS
Amanda Kay Morgan
7475 Halcyon Pointe Dr.
P.O. Box 240909
Montgomery, Alabama 36124

*[signature]*
David Lee Smith #164818

4