IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **DAVID LEE SMITH,** | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:06-cv-00592-WKW-CSC |
| **JOHN MCFARLAND, et al.,** | ) |
| Defendants. | ) |

### DEFENDANTS' REPLY TO THE
### PLAINTIFF'S "OBJECTION" TO THEIR SPECIAL REPORT

COME NOW Sheriff Jay Jones, Major Cary Torbert, Jr.[1], Lt. Corey Welch, Lt. Ray Roberson[2], Dr. John McFarland, and Nurse Linda Stewart, Defendants in the above-styled cause, and submit their Reply to the Plaintiff's "Objection" to their Special Report.

### INTRODUCTION

The Defendants submitted their Special Report to the Court on September 27, 2006. (Doc. 11.) On October 30, 2006, the Plaintiff filed an "Objection" to the Defendants' Special Report. (Doc 16.) The Plaintiff's "Objection" contains merely a repeat of his unsworn allegations as set forth in his complaint. (Doc. 16.) The Plaintiff attached to his "Objection" an affidavit of Bryant L. Sparks wherein Sparks states that he filled out a request form for the Plaintiff and that the Plaintiff turned it in to an officer at the Lee County Detention Center. (Attachment 1 to Doc. 16.) Sparks' affidavit does not address the merits of the Plaintiff's claims but instead only addresses the issue of exhaustion under the Prison Litigation Reform Act. (Attachment 1 to Doc. 16.)

---

[1] Incorrectly designated in the Plaintiff's Complaint as Major "Tolbert."
[2] Incorrectly designated in the Plaintiff's Complaint as Lt. "Robinson."

I. **THE PLAINTIFF HAS FAILED TO OVERCOME THE DEFENDANTS' QUALIFIED IMMUNITY DEFENSE WITH ADMISSIBLE EVIDENCE.**

On September 28, 2006, this Court entered an Order stating:

> [I]n filing a response to the defendants' report the plaintiff should not rely only on his or her unsworn pleadings but should respond by filing sworn affidavits, or other evidentiary materials. . . . Failure to file sworn affidavits or other evidentiary materials may result in this court accepting the defendants' evidence as the truth.

(Doc. 13, p. 2) (footnote omitted).

Despite this Court's Order, the Plaintiff has failed in his Response to submit any sworn affidavits or evidentiary materials which overcome the Defendants' qualified immunity defense. The only evidentiary material submitted by the Plaintiff merely addresses whether the Plaintiff exhausted his administrative remedies and does not seek to address the merits of his claims at all. Therefore, the evidence presented by the Defendants as to the merits of the Plaintiff's claims should be accepted as undisputed. The Defendants have affirmatively shown that they have not violated the Plaintiff's constitutional rights. Further, no clearly established law would give the Defendants fair warning that their conduct was unlawful. Thus, the Defendants are entitled to summary judgment on all the Plaintiff's claims.

II. **THE PLAINTIFF'S EVIDENTIARY SUBMISSION FAILS TO SHOW THAT HE EXHAUSTED HIS ADMINISTRATIVE REMEDIES.**

In the Defendants' Special Report, evidence was presented that the Plaintiff had the opportunity not only to file a grievance but also to appeal any denial of a grievance all the way up the chain of command, to the Sheriff who makes the final decision. The Defendants further presented evidence that the Plaintiff did not exhaust these administrative remedies – partially because he failed to appeal any grievance to Sheriff Jones. The affidavit of Bryant L. Sparks offered by the Plaintiff does not contradict the Defendants' evidence with regard to the grievance

appeal. Sparks only testified that the Plaintiff turned in a grievance to Officer Pete and that he received a response back from Major Torbert. However, the Plaintiff presented no evidence that he appealed Major Torbert's response to the grievance to Sheriff Jones. Accordingly, because the undisputed evidence shows that the Plaintiff has failed to exhaust his administrative remedies, his claim is due to be dismissed. Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999) (affirming dismissal of complaint for failure to exhaust administrative remedies where the plaintiff inmate filed a grievance but failed to file an appeal); see also Cole v. Irby, 181 Fed. Appx. 392, 393-94 (5th Cir. 2006) (affirming dismissal of complaint for failure to exhaust administrative remedies where inmate alleged that he filed a grievance but did not sufficiently allege that he attempted to comply with the appeal requirements); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001) (holding that inmate's failure to "pursue the grievance remedy to conclusion" barred his lawsuit); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies.").

**III.   THE PLAINTIFF HAS FAILED TO EVEN ATTEMPT TO REBUT SEVERAL OF THE DEFENDANTS' ARGUMENTS.**

In the Defendants' Special Report, they presented arguments that the Plaintiff lacked standing to pursue his claims for injunctive relief, that his claims for injunctive relief were moot, and that all actions complained of occurring prior to July 5, 2004, are barred by the statute of limitations. The Defendants further argued that the Plaintiff did not allege personal participation with regard to certain defendants on each claim and also that they are all entitled to qualified immunity. The Plaintiff has failed to offer any response to these arguments. The Plaintiff has further failed to offer any response to the Defendants' arguments regarding his conditions of confinement and ADA claims. Accordingly, the Plaintiff has conceded the merits of the

3

Defendants' arguments as to standing, mootness, the statute of limitations, personal participation, and qualified immunity; the Plaintiff has further abandoned his conditions of confinement and ADA claims.  See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (finding that a party who fails to address an issue has waived it); Lyes v. City of Riviera Beach, Fla., 126 F.3d 1380, 1388 (11th Cir. 1997) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment.  Rather, the onus is upon the parties to formulate arguments. . . ."); Coalition of the Abolition of Marijuana Prohibition v. City of Atlanta, 219 F.3d 1301, 1326 (11th Cir. 2000) (party's failure to brief and argue an issue is grounds for considering it abandoned).

## **CONCLUSION**

Because the Plaintiff has not met his burden in overcoming the Defendants' qualified immunity defense or showing that he met the exhaustion requirements of the Prison Litigation Reform Act, as set forth above and in the Defendants' Special Report, the Defendants are entitled to summary judgment in their favor.

Respectfully submitted this 31st day of October, 2006.

>    **s/Amanda Kay Morgan**
>    AMANDA KAY MORGAN Bar No.  ALL079
>    Attorney for Defendants
>    WEBB & ELEY, P.C.
>    7475 Halcyon Pointe Drive (36117)
>    Post Office Box 240909
>    Montgomery, Alabama  36124
>    Telephone:  (334) 262-1850
>    Fax:  (334) 262-1889
>    E-mail:  amorgan@webbeley.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 31st day of October, 2006, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

      David Lee Smith
      AIS 164818
      Limestone Correctional Facility
      28779 Nick Davis Road
      Harvest, AL 35742

      **s/Amanda Kay Morgan**
      OF COUNSEL