IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID LEE SMITH,<br>AIS # 164818,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN MCFARLAND, *et al*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACT. NO.  3:06cv592-WKW<br>)               (WO)<br>)<br>)<br>) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, David Lee Smith ("Smith") claims that his civil rights were violated during his incarceration in the Lee County Detention Center. Specifically, Smith contends that Lee County Sheriff Jay Jones and correctional officers Cary Torbert, Jr., Corey Welch, and Ray Roberson acted with deliberate indifference to his health by refusing to move him to a medical cellblock and otherwise subjecting him to unconstitutional conditions of confinement. He further asserts that Dr. John McFarland and Nurse Linda Stewart acted with deliberate indifference to his health by failing to provide him adequate treatment for a variety of diseases, including the Human Immunodeficiency Virus (HIV) and the Acquired Immune Deficiency Syndrome (AIDS). Smith alleges that the medical defendants' failure to provide him treatment for HIV subsequently caused him to develop AIDS. Smith also contends that the defendants violated the Americans with Disabilities Act by placing him in a punishment cellblock, rather than a medical cellblock.

The defendants filed a written report and supporting evidentiary materials addressing

Smith's claims for relief. (Doc. No. 11.) The court deems it appropriate to treat this responsive pleading as a motion for summary judgment. Smith has filed a response as well as an affidavit addressing the exhaustion defense raised by the defendants. Upon consideration of the motion for summary judgment, the evidentiary materials filed in support thereof, and the responses in opposition filed by Smith, the court concludes that the defendants' motion for summary judgment should be granted.

## II. DISCUSSION

### A. The Statute of Limitations

The defendants contend that the claims arising from the defendants' actions occurring on or before July 3, 2004, are barred by the statute of limitations.

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985). Selection of a limitations period for § 1983 actions changed several times [between 1985 and 1989]. Alabama law, however, provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v. Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala. 1981). It is undisputed that § 1983 claims were subject to a two year limitations period at that time. *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483-84 (11th Cir. 1989) (*Jones II*).

*Dukes v. Smitherman*, 32 F.3d at 537. In Alabama, the general statute of limitations for personal injury actions is two years. *Ala. Code* § 6-2-38(l). Thus, at the time Smith filed the instant complaint, the applicable statute of limitations for actions brought under 42 U.S.C. § 1983 was two years. *Owens v. Okure*, 488 U.S. 235, 249-250 (1989)(the proper statute of

limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992). In addition, the State's two year statute of limitations period for personal injury actions is applicable to claims arising under the Americans with Disabilities Act. *See*, *e.g.*, *Everett v. Cobb Co. School District*, 138 F.3d 1407, 1409-10 (11th Cir. 1998).

Smith did not file the complaint in this case until July 3, 2006, and, therefore, has no legal basis on which to proceed with respect to any claims that arose on or before July 3, 2004.[1] Smith's challenges to actions taken against him on or before July 3, 2004, are barred by the applicable statute of limitations, and the defendants are therefore entitled to summary judgment on these claims.

## B. The Exhaustion of Remedies

Smith was incarcerated in the Lee County Detention Center during the time that the alleged violations occurred. The defendants assert that the remainder of the claims against them are due to be dismissed because Smith failed to exhaust his available administrative remedies at the Lee County Detention Center. as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (Doc. No. 11, p. 17; Doc. No. 17, p. 2-3.)

The PLRA requires exhaustion of available administrative remedies before a prisoner

---

[1] The court notes that Smith's complaint indicates that he is challenging actions taken against him by the defendants between April 2004 and July 28, 2004, and between May 26, 2006, until the filing of his complaint on July 3, 2006. (Doc. No. 1.) The evidentiary materials indicate that Smith submitted inmate request slips concerning his medical problems on July 10, 2004, and July 15, 2004. (Doc. No. 11-7, pp. 9, 11.) Smith also submitted inmate request slips complaining about his placement in a particular cellblock on July 3, 2004, and on an undated form. (*Id.*, pp. 38, 40.)

can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Moreover, exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Jones v. Bock,* ___ U.S. ___, 127 S.Ct. 910, 918-19 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). *See also Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998).

Furthermore, the plaintiff is required by the PLRA to *properly* exhaust his claims. *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2387 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without some orderly structure on the course of its proceedings." *Id*. at 2386. Thus, "a prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 2384. *See also Johnson v. Meadows*,

4

418 F.3d 1152 (11th Cir. 2005).

It is undisputed that the Lee County Detention Center has a grievance procedure. Smith argues that he fully exhausted his administrative remedies because he submitted several request forms, including one grievance in 2004 and one grievance in 2006, to jail officials. (Doc. No. 28-2.) Smith claims that jail officials do not permit the appeal of request forms. (*Id.*) The Lee County Detention Center's inmate handbook, however, states that, "if you have a grievance, you can report it on an Inmate Request Form." (Doc. No. 25-2.) The handbook also states that, after receiving an initial response from a staff member, an inmate "may send a grievance to the next higher command level (attach a copy of the first grievance)" and that the inmate "may continue to send it through the chain of command, up to the Sheriff, who will make the final decision." (*Id.*) The undisputed evidentiary materials demonstrate that Smith failed to send his complaints through the chain of command to the Sheriff. The court must therefore conclude that Smith's claims are subject to dismissal because he has not yet exhausted an available administrative remedy. *See Jones*, ___ U.S. at ___, 127 S.Ct. at 923; *Woodford*, 548 U.S. at ___, 126 S.Ct. at 2383; *Porter*, 534 U.S. at 524; *Booth*, 532 U.S. at 739. Consequently, the defendants' motion for summary judgment with respect to the plaintiff's post July 3, 2004, § 1983 claims should be granted and these claims should be dismissed without prejudice.

### C. The Americans with Disabilities Act Claim

The defendants contend that Smith's claim under the Americans with Disabilities Act ("ADA") must fail because Smith is not a "qualified individual." (Doc. No. 11, p. 28.) To

5

establish a prima facie case of discrimination under the ADA, a plaintiff must demonstrate that he (1) is disabled, (2) is a qualified individual, and (3) was subjected to unlawful discrimination because of his disability. *See Waddell v. Valley Forge Dental Assoc., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001). Although the ADA extends to inmates, *Pennsylvania Dep't of Corrs. v. Yeskey*, 524 U.S. 206, 212 (1998), Smith's HIV- positive status prevents him from demonstrating that he is a "qualified individual" under the terms of the statute. *See Onishea v. Hopper*, 171 F.3d 1289, 1298-99 (11th Cir. 1999) (holding that an inmate's HIV-positive status poses a significant risk in any program in which prisoners participate). *Cf. Waddell,* 276 F.3d at 1279-80 (HIV-positive dental hygienist posed a significant risk to patients and therefore was not a qualified individual under the ADA).

It is likewise arguable that Smith's ADA claim is due to be dismissed based on his failure to exhaust his administrative remedies. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, **or any other Federal law**, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." (Emphasis added.) Although the Eleventh Circuit Court has not specifically addressed this issue, other courts have determined that the exhaustion requirement of the PLRA applies to an inmate's ADA action. *See Butler v. Adams*, 397 F.3d 1181 (9th Cir. 2005); *Smith v. Haan*, 199 Fed.Appx. 594 (9th Cir. 2006); *McEachin v. Beard*, 136 Fed.Appx. 534 (3rd Cir. 2005). Based on the foregoing, the court concludes that the defendants' motion for summary judgment with respect to Smith's ADA claim is due to be granted.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion for summary judgment be GRANTED. (Doc. No. 11.)

2. The plaintiff's claims arising on or before July 3, 2004, be dismissed with prejudice.

3. The plaintiff's remaining claims be dismissed without prejudice.

4. The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that the parties are DIRECTED to file any objections to the **on or before February 21, 2008.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on

September 30, 1981.

Done this 8th day of February, 2008.


                                                /s/Charles S. Coody
                                                CHARLES S. COODY
                                                CHIEF UNITED STATES MAGISTRATE JUDGE